**Dennis H. RIPPEY, Sr.,**
**Plaintiff–Appellant,**

v.

**John Randall DOPP; Jorge Luis Ontiveros; Donald Alan Sackett; David Eugene Waters; Merrit L. Mielke; Ronald F. Hazard; Four Unknown California Highway Patrol Officers, Defendants–Appellees.**

No. 97–56697.

D.C. No. CV–95–00035–RT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Sept. 26, 2001.

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM *

This case involves a 42 U.S.C. § 1983 excessive force claim against California Highway Patrol officers who shot and killed Dennis H. Rippey's son after an extended car chase. Rippey appeals the district court's in limine order excluding evidence concerning whether Rippey's son was armed or not at the time of the shooting and the court's denials of Rippey's motions for mistrial after the defendants violated the order in closing arguments to the jury. We conclude that Rippey waived the first issue and that the district court did not abuse its discretion regarding the second. Accordingly, we affirm.

■ Defendants filed a motion in limine asking the court to exclude any evidence showing that Rippey's son had been un-

armed. Rippey filed no written opposition and offered no arguments when the district court ruled on the motion. Moreover, the record shows that Rippey agreed with the defendants' argument that evidence concerning whether Rippey's son was armed or not was not relevant to the case.[1] The court granted the motion and Rippey acceded without objection. By failing to object or offer opposing arguments, Rippey plainly waived the issue.[2] We will not consider on appeal, therefore, whether the district court erred in granting the defendants' motion in limine.[3]

■ We also conclude that the district court did not abuse its discretion in denying Rippey's motions for mistrial made after defense counsel violated the court's in limine order during his closing argument. The district court gave adequate curative instructions after defendants made statements in closing argument implying that Rippey had been, in fact, armed.[4] In addition, during Rippey's closing argument, his attorney also violated the in limine order by flatly stating that "[t]here was no gun." The curative instruction and the statement by Rippey's counsel, in combination, demonstrate that Rippey was not prejudiced by defendants' violations of the in limine order. Accordingly, the district court did not abuse its

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court and the parties discussed only substantive relevance. Neither raised the separate question of whether the evidence was relevant for impeachment purposes. *See* generally *Sherrod v. Berry*, 856 F.2d 802, 806–07, 810–11 (7th Cir.1988) (en banc) (discussing the relevance of similar evidence for impeachment purposes). Because Rippey failed to preserve the issues, we do not reach either question.

2. *See Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1420 (9th Cir.1998); *Hawaiian Rock Products Corp. v. A.E. Lopez Enterprises*, 74 F.3d 972, 976 (9th Cir.1996); *Winston v. United States*, 342 F.2d 715, 724 (9th Cir.1965).

3. Accordingly, we do not reach defendants' cross-appeal or Rippey's argument that the cross-appeal was not properly filed.

4. *See United States v. Randall* 162 F.3d 557, 559 (9th Cir.1998) ("Ordinarily, cautionary instructions ... are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions.")

discretion in denying Rippey's mistrial motions.

Rippey's motion requesting sanctions is DENIED.

AFFIRMED.